THE STATE v. MONTGOMERY.

1. **Abortion**: ADMINISTRATION OF DRUG: EVIDENCE TO CONVICT. Prosecution for abortion by the administration of a drug. Upon consideration of the evidence, (see opinion,) *held* that the jury were warranted in finding therefrom that the drug would produce miscarriage, that it was administered to the woman by the defendant, with whom she was with child, for that purpose, and that he was guilty as charged.

2. **Criminal Practice**: NEW TRIAL: TESTIMONY OF DEFENDANT WHILE SICK. The defendant in a prosecution for abortion, though advised by his counsel of his right as a witness, gave testimony damaging to himself, and, after a verdict of guilty, he moved for a new trial on the ground that, when he testified, he was suffering from a nervous headache, which affected his mind and memory. But the record of his testimony gave no evidence of his want of memory, or of the full powers of mind. *Held* that, since the trial court, which had an opportunity to observe his manner and deportment, and all the circumstances of the case, overruled the motion, this court could not, in the absence of convincing evidence of the truth of the grounds of the motion, interfere.

*Appeal from Washington District Court.*

THURSDAY, JUNE. 9.

DEFENDANT was indicted and convicted for the crime of administering to a pregnant woman a substance with intent to produce a miscarriage, which was not necessary to save her life. He now appeals to this court.

*Dewey & Eicher*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, J.—It is urged with great earnestness by defendant's counsel that the evidence fails to sustain the verdict. In support of the indictment, the woman upon whom the abortion was attempted testified that she was *enciente* by defendant, and upon so informing him he replied that, if she thought so, he would procure for her medicine which "would be sure to bring her all right." He afterwards furnished her with two bottles of a preparation called "Dr. Lyon's Spanish Drops," some of

which she drank, causing her to be "dizzy" and sick. The defendant admitted in his own testimony that he bought and gave to the woman this drug for the purpose of restoring regularity in her monthly periods. He denies that he knew she was *enceinte* at the time. He admits that he had frequent intercourse with her. When this illicit relation commenced, she was a servant in his family, he being a married man. He admitted to more than one witness substantially the same facts stated in his testimony upon this point. It cannot be doubted that plaintiff procured and gave to the woman the medicine for the purpose of causing a miscarriage. It is unreasonable to suppose that he would have taken the interest he did in procuring medicine for the woman, which he doubtless knew and believed would have the effect to cause a miscarriage, had he not intended just that result; and surely he would not have given her the drug had he not known or believed that she was *enceinte*. We think the evidence authorized the jury to find that the drug would cause miscarriage, and that it was administered to the woman to produce that effect. We think the verdict is sufficiently supported by the evidence.

II. As has been stated, the defendant testified that he had connection with the woman, and to other facts which probably weighed against him. He moved for a new trial, on the ground that, when he gave his testimony, he was suffering from a nervous headache, which affected his mind and memory. The motion is supported by the affidavits of defendant and others. The record of defendant's testimony gives no evidence of want of memory, or of the full powers of the mind. It is intelligent and coherent. It is shown that he was instructed by his counsel to plead his privilege should he be asked if he did not have intercourse with the woman. This he failed to do. This fact surely does not show that he was suffering from mental disability when he gave his testimony. The facts upon which the motion is based, as well as the

2. CRIMINAL practice: new trial: testimony of defendant while sick.

deportment and manner of the defendant while testifying, were all considered by the district court. The evidence upon the motion is not of the character to fasten conviction upon the judicial mind of defendant's want of mental capacity, while testifying, if his deportment and manner, together with his testimony, were those of a rational man. Doubtless the district court gave proper weight to these matters. In this regard we have not the opportunity to discover the truth, possessed by the court below. We cannot, therefore, hold that its decision upon the motion is erroneous.

No other questions were raised or argued in the case. The judgment of the district court is          AFFIRMED.